UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMDON PETERS

        Plaintiff,                Civil Action No. 16-12584
                                  Honorable Laurie J. Michelson
              v.              Magistrate Judge Elizabeth A. Stafford

GREAT LAKES RECOVERY
and REPOSESSIONS, INC., *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT GREAT LAKES RECOVERY AND REPOSESSIONS, INC., PAR NORTH AMERICA, KAR AUCTION SERVICES, INC., AND HUNTINGTON NATIONAL BANK'S MOTIONS TO DISMISS [ECF Nos. 14, 16 ,17] AND TO DENY PETERS'S MOTIONS FOR INJUNCTIVE RELIEF [ECF Nos. 34, 35, 36, 37] AND <u>MOTION TO AMEND THE COMPLAINT [ECF No. 53]</u>**

## I.    INTRODUCTION

Plaintiff Kimdon Peters brings suit against Great Lakes Recovery and Repossessions, Inc., ("GLRR"), PAR, Inc., d/b/a PAR North America ("PAR"), KAR Auction Services, Inc., ("KAR"), and Huntington National Bank ("Huntington") for various alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, violations of his federal constitutional rights under 42 U.S.C. § 1983, various state law

claims, and state and federal criminal laws.  [ECF No. 1].[1]  GLRR,

Huntington, and PAR and KAR now move to dismiss all claims against

them.  Peters has also moved for injunctive relief against all defendants.

[ECF Nos. 34, 35, 36, 37].  Peters has also moved to amend his complaint

to add additional defendants, including the law firm representing defendant

Huntington National Bank, two officers of the Oakland County Sheriff's

Department, Oakland County Sheriff Michael Bouchard, and Oakland

County Prosecutor Jessica Cooper.  [ECF No. 53].

For the reasons that follow, the Court **RECOMMENDS** that Peters'

motions for injunctive relief and to amend be **DENIED**, defendants' motions

to dismiss [ECF Nos. 14, 16, 17] be **GRANTED**, Peters' claims based on

the FDCPA, Section 1983, and federal and state criminal statutes be

**DISMISSED WITH PREJUDICE**, and his other state-law claims be

**DISMISSED WITHOUT PREJUDICE**.

## II.    ANALYSIS

### A.

A motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6) tests a complaint's legal sufficiency.  Although the federal rules

---

[1] The Honorable Laurie J. Michelson referred this matter to this Court for all
pretrial proceedings. [ECF No. 4].

only require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *see* Rule 8(a)(2), the statement of the claim must be plausible.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  As the *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations.  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Services*, 679 F.3d 433, 437–38 (6th Cir. 2012).

**B.**

Peters's complaint is light on specific factual allegations against the defendants, and "is silent as to the operative timeline of events." [Huntington's brief, ECF No. 17, PageID 233].  But Exhibit Four to the complaint, a transcript of court proceedings involving Michael Prisza, owner of GLRR, shows that the allegations stem from an attempted repossession of Peters's vehicle in August 2010.  [ECF No. 1, PageID 44].  Peters did not file suit until almost six years later.  [ECF No. 1].

Under the FDCPA, jurisdiction is limited to actions brought "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d). Likewise, for actions brought pursuant to 42 U.S.C. § 1983, federal courts apply state personal injury statutes of limitation, *Collard v. Kentucky Bd. Of Nursing*, 896 F.2d 179, 180-81 (6th Cir. 1990), and in Michigan, the statute of limitations for § 1983 suits is three years.  M.C.L. § 600.5805(10); *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988).  A plaintiff is thus required to file suit within three years of the accrual of his claims.  *Id.*  "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action."  *McCune*, 842 F.2d at 905.

4

Peters has not set forth a basis for equitable tolling under either statute. He complains that the FDCPA's statute of limitations unconstitutionally infringes on his right to petition the government for redress of grievances due to his imprisonment, but imprisonment does not prevent one from filing suit. In fact, inmates have a constitutional right to access the court system. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Peters has not shown that this right has been infringed upon. And for Section 1983, Michigan law dictates that a statutory limitation period may not be cast aside in the name of equity. *Trentadue v. Buckler Lawn Sprinkler,* 479 Mich. 378, 407 (2007). Thus, the Court lacks jurisdiction to adjudicate Peters's FDCPA and Section 1983 claims due to the statutes of limitations applicable to each.

## C.

Peters also alleges that the defendants are liable for violating federal and state criminal statutes regarding breach of the peace, criminal trespass, assault, home invasion, carjacking, and making a false police report. [ECF No. 1, PageID 17-18]. But Peters lacks standing to enforce federal or state criminal statutes. *See Laues v. Roberts*, No. 2:14-CV-12313, 2015 WL 1412631, at *3 (E.D. Mich. Mar. 25, 2015); *Browder v. Parker*, No. 5:11CV-P29-R, 2011 WL 2379406, at *4 (W.D. Ky. June 15,

5

2011).  "[T]he general rule is that a private right of action is not maintainable under a criminal statute."  *Am. Postal Workers Union, AFL-CIO, Detroit Local v. Indep. Postal Sys. of Am., Inc.*, 481 F.2d 90, 93 (6th Cir. 1973).  Peters's counts 1-6 and 8 should therefore be dismissed in their entirety.

## D.

Lastly, Peters has brought state-law claims regarding consumer rights, conversion, repossession, and debt collection.  [ECF No. 1, PageID 17-18].  As Peters has no remaining claims based on federal law, the Court must determine whether to exercise supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.  *See Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 892–93 (6th Cir. 1998).  Under § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over the remaining state law claims. As a rule of thumb, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996).  That rule of thumb should be applied here, and Peters' state-law claims should be dismissed without prejudice.

**E.**

Peters has also filed motions for injunctive relief against each of the defendants, seeking to prevent GLRR from doing business and to prevent Huntington, KAR, and PAR from doing business with unregistered and unlicensed collection agencies.  [ECF Nos. 34, 35, 36, 37].  Peters has failed to allege any harm that he would suffer were the injunctions denied, and as outlined above, his claims have no likelihood of success on the merits; the motions for injunctive relief should be denied.

**F.**

As to Peters' motion to amend his complaint, it "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'"  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

The proposed claims against Huntington National Bank, the two officers of the Oakland County Sheriff's Department, Oakland County Sheriff Michael Bouchard, and Oakland County Prosecutor Jessica Cooper are futile because, among other reasons, they are filed after the expiration

7

of the statute of limitations.  Peters' motion to amend his complaint should
be denied.

## III.    CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Peters'
motions for injunctive relief and to amend his complaint [ECF Nos. 34, 35,
36, 37, 53] be **DENIED**, defendants' motions to dismiss [ECF Nos. 14, 16,
17] be **GRANTED**, Peters' claims based on the FDCPA, Section 1983, and
federal and state criminal statutes be **DISMISSED WITH PREJUDICE**, and
his other state-law claims be **DISMISSED WITHOUT PREJUDICE**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 25, 2017

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this
Report and Recommendation, but must act within fourteen days of service
of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.
P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any
further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.
Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*,
638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

8

fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF

9

System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 25, 2017.

s/Marlena Williams

MARLENA WILLIAMS
Case Manager