UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KIMDON PETERS, <br><br> Plaintiff, <br><br> v. <br><br> GREAT LAKES RECOVERY AND REPOSSESSIONS, INC., PAR NORTH AMERICAN, KAR AUCTION SERVICES, and HUNTINGTON NATIONAL BANK, <br><br> Defendants. | Case No. 16-cv-12584 <br> Honorable Laurie J. Michelson <br> Magistrate Judge Elizabeth A. Stafford |

**ORDER OVERRULING OBJECTION [60] AND
ADOPTING REPORT AND RECOMMENDATION [59]**

Plaintiff Kimdon Peters filed a *pro se* lawsuit following the repossession of his vehicle. (R. 1.) All pretrial matters were referred to Magistrate Judge Elizabeth A. Stafford. (R. 4.) The Defendants each filed motions to dismiss the Complaint. (R. 14, 16, 17.) On January 25, 2017, Judge Stafford filed her report and recommendation that the motions be granted and the case be dismissed. (R. 59.) Peters timely filed objections. (R. 60.) The Court is not persuaded by Peters' objections and they will therefore be OVERRULED and the report and recommendation ADOPTED. It follows that Peters' claims based on the Fair Debt Collection Practices Act, Section 1983, and federal and state criminal statutes will be DISMISSED WITH PREJUDICE, and Peters' other state-law claims will be DISMISSED WITHOUT PREJUDICE.

**I.   STANDARD OF REVIEW**

Because the report and recommendation resolved a dispositive issue, this Court conducts a *de novo* review of those portions to which Fields has objected. 28 U.S.C. § 636(b); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The Court need not perform a *de novo* review

of the Report's unobjected-to findings. *See Schaefer v. Modelski*, No. 13-CV-13669, 2014 WL 3573270, at *1 (E.D. Mich. July 21, 2014) ("Although a court must review timely objections to a magistrate judge's report and recommendation, a court may adopt, reject, or amend the portions of a report and recommendation to which no party properly objects." (citing Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985))); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Arn*, 474 U.S. at 149–52)).

## II. DISCUSSION

The Court can largely dispose of Plaintiff's objections by emphasizing that the Magistrate Judge's ruling was based on Plaintiff's failure to comply with the various statutes of limitations applicable to Plaintiff's federal claims (R. 58, PID 691–92), and her conclusion that without the federal claims, the Court should not exercise supplemental jurisdiction over the state-law claims (R. 59, PID 693). Most of Plaintiffs' objections "improperly conflate the statute of limitations," and the related propriety of supplemental jurisdiction, "with the merits of the claim." *Peabody Coal Co. v. Dir.*, 718 F.3d 590, 594 (6th Cir. 2013). Plaintiff first objects that he "has met his burden of proof" with respect to various aspects of his constitutional, FDCPA, and state-law debt-related claims. (R. 60, PID 699–700.) Plaintiff next claims that "[t]his Court and all Defendant's Counsel of Record have recognized that there was willful gross negligent civil and criminal act's committed by Defendant Michael Priza[.]" (R. 60, PID 699.) Plaintiff next claims that PAR's former counsel "has stipulated that it is for the Court to decide whether a 'forwarding company' that is not licensed directly affects commerce, and violates (FDCPA) and State Law. (R. 60, PID 701.) Plaintiff next argues that he "has met his burden of proof that . . . *Hentz v.*

*Jenkins*, 514 U.S. 291 (1995)," a case regarding the FDCPA, "is unconstitutional on its face." (R. 60, PID 703.) All of these arguments implicate the merits of Plaintiff's various claims in this lawsuit, but do not challenge the Magistrate Judge's findings regarding the statutes of limitation for the federal claims or the propriety of supplemental jurisdiction for the state-law claims. Nor does Plaintiff's argument that he "has standing to bring action under 42 U.S.C. § 1983" (R. 60, PID 701) affect the Magistrate Judge's conclusion that the claim is untimely.

The Court agrees with the Magistrate Judge's conclusions regarding the statutes of limitations and the propriety of supplemental jurisdiction. The FDCPA statute of limitations is one year, 15 U.S.C. § 1692k(d),[1] and the Section 1983 statute of limitations is three years, *see Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986). The Sixth Circuit has stated that "a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations," unless "the allegations in the complaint affirmatively show that the claim is time-barred." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). Here, the documents Plaintiff attached to his complaint clearly indicate that the event giving rise to his claims occurred in August 2010 (R. 1, PID 44), but Plaintiff did not file suit until August 2016 (R. 1). Accordingly, these claims are barred by the proper statutes of limitations, and Peters puts forth no argument for equitable tolling in his objections. The Court clarifies, however, that Section 1983's statute of limitations is not jurisdictional, *see Williams v. Henderson*, 626 F. App'x 761, 763 n.3 (10th Cir. 2015); *Smith v. City of Chi. Heights*, 951 F.2d 834, 839 (7th Cir. 1992); *Krug v. Imbordino*, 896 F.2d 395, 396 (9th Cir. 1990), and while the Sixth Circuit has declined to reach the issue, *see Fillinger*

---

[1] Plaintiff's contention that he "has not brought any claim before this court under the FDCPA" (R. 60, PID 703) is belied by his complaint, which specifically asserts that Defendants "violat[ed] (FDCPA)[.]" (R. 1, PID 9.)

*v. Lerner Sampson & Rothfuss*, 624 F. App'x 338, 340 (6th Cir. 2015), courts disagree on whether the FDCPA's statute of limitations is jurisdictional, *compare Hageman v. Barton*, 817 F.3d 611, 616 (8th Cir. 2016) (holding that the FDCPA statute of limitations is jurisdictional) *with Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009) (holding it is not jurisdictional) *and Marshall-Mosby v. Corp. Receivables, Inc.*, 205 F.3d 323, 327 (7th Cir. 2000).

Further, the Court will not exercise supplemental jurisdiction to adjudicate Plaintiff's state-law claims. "District courts have broad discretion to exercise supplemental jurisdiction, and their decision 'depends on judicial economy, convenience, fairness, and comity.'" *Aldini v. Kroger Co. of Mich.*, 628 F. App'x 347, 352 (6th Cir. 2015) (quoting *Carmichael v. City of Cleveland*, 571 Fed. App'x 426, 434 (6th Cir. 2014)). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996). Because the Court agrees that the federal claims are stale and will not exercise supplemental jurisdiction in their absence, Plaintiff's objections regarding the merits of those claims are irrelevant and will be OVERRULED.

Plaintiff's sole argument regarding the statute of limitations (for any claim) is that the statute of limitations for his state-law claims for conversion of property should be six years under the Uniform Commercial Code (UCC). (R. 60, PID 702.) First, the UCC's statute of limitations is actually four years. *See* Mich. Comp. Laws Serv. § 440.2725. Second, the Court has already found that the Magistrate Judge's conclusions regarding the applicable statutes of limitations for Plaintiff's federal claims were correct, and has declined to exercise supplemental jurisdiction over the state claims. Accordingly, this objection is OVERRULED.

Finally, Plaintiff says that the report and recommendation to dismiss is "untimely" because PAR had not yet filed a response to Plaintiff's motion to amend his complaint when the report and recommendation was filed. (R. 60, PID 704.) But Plaintiff did have the chance to present arguments in support of his motion to amend—in his initial motion. Had PAR responded, it is true that Plaintiff would have had the opportunity to file a reply brief. E.D. Mich. LR 7.1(d). However, "[a] reply brief is not a place to make new arguments[.]" *Covenant Med. Ctr., Inc. v. Burwell*, 603 F. App'x 360, 363 (6th Cir. 2015) (citing *Kuhn v. Washtenaw County*, 709 F.3d 612, 623 (6th Cir. 2013)). If Plaintiff had any issue with the Magistrate Judge's conclusion that his proposed amendment would be futile, he could have raised it in his objections. And the Court has already found that the objections Plaintiff did raise were unpersuasive. Therefore, this objection will be OVERRULED.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' objections are OVERRULED. The Report and Recommendation is ADOPTED. It follows that Plaintiff's motions for injunctive relief and to amend the complaint (R. 34, 35, 36, 37, 53) are DENIED. Defendants' motions to dismiss (R. 14, 16, 17) are GRANTED. Plaintiff's claims under the FDCPA, Section 1983, and federal and state criminal statutes are DISMISSED WITH PREJUDICE. Plaintiff's other state-law claims will be DISMISSED WITHOUT PREJUDICE.

SO ORDERED.